UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| James Mitchell, Sr., Board of Trustees Chairman and Henry Sierra, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WLEFARE FUND; *et al.*, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 2:12-cv-425<br>) |
| EAGLE PAINTING & MAINTENANCE COMPANY, INC. and STEVE SAKOUTIS, | )<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Counterclaim [DE 26] filed by the plaintiffs/counter-defendants, James Mitchell, Sr., Board of Trustees Chairman and Henry Sierra, Board of Trustees Secretary, on behalf of Northwest Indiana Painters Welfare Fund; *et al.*, on November 17, 2014. For the following reasons, the Motion to Dismiss Counterclaim [DE 26] is **GRANTED in part and DENIED in part**.

*Background*

On September 4, 2014, the plaintiffs filed their First Amended Complaint, which included four separate counts. Count I alleged that the defendant, Eagle Painting & Maintenance Company, Inc., breached a collective bargaining agreement with the plaintiffs, James Mitchell, Sr., Board of Trustees Chairman and Henry Sierra, Board of Trustees Secretary, on behalf of Northwest Indiana Painters Welfare Fund and Henry Sierra, Board of Trustees Co-Chairman and Rod McDonald, Board of Trustees Co-Chairman, on behalf of The Finishing Trades Institute of District Council 91, (Trust Funds), by failing to pay the required contributions between January

1, 2006 and September 30, 2013. Count II claimed that Eagle Painting breached a collective bargaining agreement with the plaintiff, Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO, (Union), by failing to make payroll deductions to the Union's designee as required by the collective bargaining agreement. Count III alleged that the defendant, Steve Sakoutis, as Chief Executive Officer, President, and Owner of Eagle Painting, committed common law tortious conversion by appropriating and exercising dominion over the payroll deductions. Count IV claimed that Sakoutis committed criminal conversion pursuant to Ind. Code § 34-24-3-1.

On October 10, 2014, Eagle Painting and Sakoutis answered the First Amended Complaint. In the answer, Eagle Painting and Sakoutis requested that the plaintiffs take nothing under each count. Additionally, they filed a counterclaim against all the plaintiffs. The counterclaim contained the following allegations:

1. Plaintiffs' First Amended Complaint makes allegations of certain amounts owed by Defendants, but Plaintiffs provide no accounting for any of the amounts alleged to be owed, let alone either any specific dollar amounts. Moreover, said complaint is void of any supporting documents that provide for the basis of any amounts owed and that account for the specific amount owed.
2. Defendants are entitled to an accounting of any amounts alleged to be owed by Plaintiffs.

The counterclaim then requested "that Plaintiffs provide Defendants with the supporting documents that are alleged to give rise to their claims and that they provide appropriate accounting for any and all amounts alleged to be owed by their First Amended Complaint, and for all other just and appropriate relief." The plaintiffs now request the court to dismiss the counterclaim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and for attorneys' fees and costs incurred in defending against the counterclaim.

*Discussion*

Federal Rule of Civil Procedure 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Rule 8(a), which requires a "short and plain statement" to show that a pleader is entitled to relief. Federal Rule of Civil Procedure 8(a)(2); *see* **Cincinnati Life Ins. Co. v. Beyrer**, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Iqbal**, 556 U.S. at 678 (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); **Cincinnati Life Ins.**, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting **Stanard v. Nygren**, 658 F.3d 792, 797 (7th Cir. 2011)); **Peele v. Clifford Burch**, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); **Joren v. Napolitano**, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. **Iqbal**, 556 U.S. at 684.

The decision in **Iqbal** discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by **Twombly**. *See* **Twombly**, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the

3

speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see* **Brown v. JP Morgan Chase Bank**, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 556 U.S. at 678–79; **Bonte v. U.S. Bank, N.A.**, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. **Murphy v. Walker**, 51 F.3d 714, 717 (7th Cir. 1995); **Maxie v. Wal-Mart Store**, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009) (same); **Banks v. Montgomery**, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009) (same).

A complaint that lacks organization and coherence so that it is too confusing to understand the factual basis of the wrongful conduct also is subject to dismissal. ***Cincinnati Life Ins.***, 722 F.3d at 946. The court assesses this by considering whether it can make out the essence of the claims. ***Cincinnati Life Ins.***, 722 F.3d at 946. A complaint is not unintelligible simply because it contains repetitive and irrelevant matter. ***Cincinnati Life Ins.***, 722 F.3d at 946. "Rather, we have found complaints wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general "kitchen

sink" approach to pleading the case.' . . . [D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'" *Cincinnati Life Ins.*, 722 F.3d at 946–47 (quoting *Stanard*, 658 F.3d at 798).

Assuming the facts in Eagle Painting's and Sakoutis' counterclaim are true, the allegations do not plausibly give rise to a claim that entitles them to relief. The counterclaim alleges that the plaintiffs did not provide an accounting of the alleged amounts owed or any supporting documents that demonstrate the basis of any amounts owed. Therefore, Eagle Painting and Sakoutis claim they are entitled to an accounting of any amounts owed and request the plaintiffs to provide an accounting and supporting documents of any amounts owed. Eagle Painting and Sakoutis have not presented factual allegations or the elements of a legal claim. Rather, they labeled a request for production of documents as a counterclaim. Therefore, the court finds that Eagle Painting and Sakoutis have not presented a claim upon which relief can be granted and **DISMISSES** Eagle Painting's and Sakoutis' counterclaim.

Next, the plaintiffs request attorneys' fees and costs incurred in defending against Eagle Painting's and Sakoutis' counterclaim. Upon a final judgment, the prevailing party may recover costs and attorney's fees under Rule 54. Federal Rule of Civil Procedure 54(a) and (d). When there are multiple claims for relief or multiple parties the court may direct entry of final judgment to one or more of the claims, but fewer than all, if the court expressly determines that there is no just reason for delay. Federal Rule of Civil Procedure 54(b). The plaintiffs have not requested the court to enter a final judgment under Rule 54(b). Additionally, a request for costs must be filed within 14 days after final judgment is entered under N.D. Ind. L.R. 54-1 and a request for attorney's fees must be filed within 14 days after entry of judgment under Rule

5

54(d)(2)(B). Therefore, the plaintiffs' request for attorneys' fees and costs is premature and is **DENIED WITHOUT PREJUDICE**.

Based on the foregoing reasons, the Motion to Dismiss Counterclaim [DE 26] is **GRANTED in part and DENIED in part**. Eagle Painting's and Sakoutis' counterclaim is **DISMISSED**.

ENTERED this 22nd day of December, 2014.

/s/ Andrew P. Rodovich
United States Magistrate Judge