UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| James Mitchell, Sr., Board of Trustees Chairman and Henry Sierra, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND; *et al.*, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 2:12-cv-425<br>)<br>) |
| EAGLE PAINTING AND MAINTENANCE COMPANY, INC. and STEVE SAKOUTIS, | )<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Enforce the Court Approved Settlement Agreement [DE 41] filed by the plaintiffs on August 5, 2016. For the following reasons, the motion is **GRANTED.**

*Background*

On June 7, 2016, a bench trial was held on the plaintiffs' claims against the defendants. After the plaintiffs presented evidence and testimony, the parties advised the court a settlement agreement had been reached. The settlement agreement was stated for the record in open court by the defendants' counsel and confirmed by plaintiffs' counsel. The court indicated in [DE 37] that the parties had reached a settlement agreement. The court set the deadline to submit dismissal papers for August 5, 2016.

The parties have indicated that the settlement agreement included a payment from Eagle Painting and Maintenance Company, Inc. to the plaintiffs for $65,000.00. On June 27, 2016, the defendants sent the plaintiffs the Mutual Release and Settlement Agreement that proposed the

payment of $65,000.00 be made in twenty-four monthly installments.  The plaintiffs emailed defendants' counsel rejecting the proposed release and demanded payment in lump sum.  The parties agree that an installment payment plan never was discussed and was not presented to the court.

The plaintiffs filed the parties Agreed Motion for Extension of Time to File Dismissal Papers [DE 39] on August 5, 2016.  The court extended the deadline until August 19, 2016.  The plaintiffs filed a Motion to Enforce the Court Approved Settlement [DE 41] on August 19, 2016.  On September 2, 2016, the defendants filed their Response in Opposition to the Motion [DE 42], and on September 9, 2016, the plaintiffs filed a Reply [DE 43].

*Discussion*

"The district court has inherent authority to enforce a settlement agreement reached in a case pending before it."  **Allen v. Dana**, 2011 WL 3163232, at *1 (N.D. Ind. July 26, 2011) (citing **Carr v. Runyan**, 89 F.3d 327, 331 (7th Cir. 1996)).  A settlement agreement of federal claims is enforceable "just like any other contract."  *See* **Dillard v. Starcon Int'l, Inc.**, 483 F.3d 502, 506 (7th Cir. 2007) (quoting **Lynch, Inc. v. SamataMason Inc.**, 279 F.3d 487, 489 (7th Cir. 2002)); *see also* **Kokkonen v. Guardian Life Ins. Co. of Am.**, 511 U.S. 375, 380–82, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

However, state law governs whether the parties made a contract, so Indiana law applies here.  **Dillard**, 483 F.3d at 506.  Under Indiana law, the elements of a binding contract include an offer, acceptance of the offer, consideration, and meeting of the minds between the parties.  *See* **Bennett v. Broderick**, 858 N.E.2d 1044, 1048 (Ind. Ct. App. 2006).  A meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract**.** **Zimmerman v. McColley**, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005); **Wallem v. CLS Indus., Inc.**,

2

725 N.E.2d 880, 883 (Ind. Ct. App. 2000). The intent relevant in contract matters is not the parties' subjective intents but their outward manifestation of it. ***Zimmerman***, 826 N.E.2d at 77; ***Centennial Mortgage, Inc. v. Blumenfeld***, 745 N.E.2d 268, 277 (Ind. Ct. App. 2001).

To be valid and enforceable, a contract must be reasonably definite and certain. ***Conwell v. Gray Loon Outdoor Mktg. Grp., Inc.***, 906 N.E.2d 805, 813 (Ind. 2009) (citing ***Wolvos v. Meyer***, 668 N.E.2d 671, 675–676 (Ind. 1996) (stating that enforcement of an incomplete or ambiguous writing creates substantial danger that the court will enforce something neither party intended). All that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the promises made, including by whom and to whom; absolute certainty in all terms is not required. ***Conwell***, 906 N.E.2d at 813. Only essential terms need be included to render a contract enforceable. ***Conwell***, 906 N.E.2d at 813.

Additionally, a communication that a first party is willing to enter into a bargain is not an offer if the second party knew or had reason to know that the communication required further manifestation of the first party's assent to conclude the bargain. ***Janky v. Batistatos***, 559 F.Supp.2d 923, 930 (N.D. Ind. 2008) (citing ***Zimmerman***, 826 N.E.2d at 77). In determining the parties' intent at the time of the agreement, courts consider whether the parties intended to execute a final written document. ***McLinden v. Coco***, 765 N.E.2d 606, 612 (Ind. Ct. App. 2002). Furthermore, the party seeking to enforce a contract bears the burden of proof to establish its existence. ***First Nat'l Bank of Logansport v. Logan Mfg. Co., Inc.***, 577 N.E.2d 949, 953 (Ind. 1991).

Those same principles govern settlement agreements. ***Zimmerman v. McColley***, 826 N.E.2d 71, 76 (Ind. Ct. App. 2005) (citing ***Georgos v. Jackson***, 790 N.E.2d 448, 453 (Ind. 2003)). Indiana law strongly favors settlement agreements and allows a party to obtain a

judgment to enforce a settlement agreement when the opposing party agrees to settle a pending claim but then refuses to consummate the agreement. *Georgos*, 790 N.E.2d at 453.

The parties reached an agreement to settle the dispute at the conclusion of the court's hearing of the evidence. The defendants agreed to pay $65,000.00 to the plaintiffs with the stated condition that no part of the $65,000.00 was to be applied to any employee identified as a shop employee. The defendants have indicated that the installment payment method is reasonable considering current cash constraints and the agreement was silent on the how and when to pay. The defendants have argued that the parties never finalized the agreement.

The settlement agreement is construed as a contract and therefore is enforceable when there is an offer, acceptance, and consideration. A contract was formed when the parties agreed to settle the dispute and articulated the agreement in open court. A discrepancy, after the fact, on the structure of payment does not amount to an essential term. A contact has nothing to do with the individual intent of the parties, rather the parties' objective manifestations. *Zimmerman v. McColley*, 826 N.E.2d 71, 78 (Ind. Ct. App. 2005). The plaintiffs were given no indication that the offer to settle was conditioned on a structured settlement provision. Therefore, the court considering the parties intent at the time of the agreement concludes that the parties intended to create a valid and binding settlement agreement.

The plaintiffs have requested an award of attorney's fees. However, they have failed to comply with **Federal Rule of Civil Procedure 54(d)(2)**. The motion for attorney's fees must state the amount sought or provide a fair estimate of it. **Federal Rule of Civil Procedure 54(d)(2)(B)(iii).** The plaintiffs have not provided a specified fee. Therefore, the court cannot conclude if the requested fee is reasonable. The recoverable attorney's fees are limited to the reasonable fees that an attorney would charge a client. *Bowerman v. Wal-Mart Stores, Inc*.,

2000 U.S. Dist. LEXIS 21616, at * 3 (S.D. Ind. Nov. 30, 2000).  The court will consider whether the costs reportedly incurred in making the motion were reasonably necessary by evaluating the reasonableness of the time spent preparing the motion and the rates charged.  ***Montanez v. Simon***, 755 F.3d 547 (7th Cir. 2014); ***Equal Employment Opportunity Commission v. Accurate Mechanical Contractors, Inc***., 863 F.Supp. 828, 834 (E.D. Wis. 1994).  It is not for a court to make the arguments for a party and to provide the legal analysis. ***Cf. United States v. Dunkel***, 927 F.2d 955, 956 (7th Cir. 1991).

Based on the foregoing reasons, the Motion to Enforce the Court Approved Settlement Agreement [DE 41] is **GRANTED**.

ENTERED this 26th day of September, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge