UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| James Mitchell, Sr., Board of Trustees Chairman and Henry Sierra, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>EAGLE PAINTING AND MAINTENANCE COMPANY, INC. and STEVE SAKOUTIS,<br><br>    Defendants. | CASE NO. 2:12-cv-425 |

**OPINION AND ORDER**

This matter is before the court on the Motion to Reconsider, Seeking Relief from Judgment or Order Under Fed.R.Civ.P. 60 [DE 48] filed by the defendants, Eagle Painting and Maintenance Company, Inc. and Steve Sakoutis, on October 26, 2016. For the following reasons, the motion is **DENIED.**

*Background*

The court held a bench trial on June 7, 2016. After the plaintiffs presented evidence, the parties advised the court a settlement had been reached. The terms of the settlement were stated in open court by defendants' counsel and confirmed by plaintiffs' counsel. Defendants' counsel stated the agreement as, "65,000.00 to be paid, pursuant to a mutual settlement release agreement that the attorneys will draft, and that resolves all the outstanding differences at issue in this case." The parties agreed that the only qualification was that none of the $65,000.00 be attributed to shop hours.

On June 27, 2016, the defendants included a twenty-four month installment payment plan in the proposed mutual release and settlement agreement, which was subsequently rejected by the plaintiffs. A payment plan never was discussed by the parties. The plaintiffs filed the Motion to Enforce the Court Approved Settlement Agreement [DE 41], which the court granted in its Opinion and Order [DE 44] on September 26, 2016.

In its Opinion and Order, the court held that a contract was formed when the parties represented that they had settled the matter and stated the agreement in open court. The court considered the outward manifestations made by the parties at the time of the agreement, which indicated that both parties intended to create a binding settlement. The parties only stated condition was that, of the $65,000.00 the defendants agreed to pay, no part was to be attributed to any employee identified as a shop employee. The defendants gave no indication that the offer to settle was conditioned on a structured settlement provision. Therefore, the court concluded the settlement agreement was enforceable.

The plaintiffs filed a Motion for Attorney Fees [DE 45] on September 30, 2016. On October 25, 2016, the court ordered the defendants to pay the plaintiffs' attorney fees after considering the reasonableness of the fees and the defendants' lack of response in opposition.

In the Motion to Reconsider, the defendants have requested the court to reconsider its September 26, 2016 Opinion and Order and the related October 25, 2016 Order [DE 47]. The defendants contend that reconsideration and an amended opinion and order are warranted because the settlement agreement lacks the essential term of time of performance and the parties failed to agree upon a mutual release agreement.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for

reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see* *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great*

3

*Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

The defendants have indicated that certain settlement terms were agreed upon, like payment from the defendant, Eagle Painting and Maintenance Company, to the plaintiffs for $65,000.00. However, the defendants have argued that the parties agreed that the settlement would be memorialized by a written agreement that resolved all other outstanding matters. Referring to a later written contract to be executed in the future does not void the present agreement. *McMahan Construction Co. v. Wegehoft Brothers, Inc.,* 354 N.E.2d 278, 281 (Ind. Ct. App. 1976). Therefore, the enforceability of the settlement agreement was not dependent on the parties agreeing to the written mutual release and settlement agreement.

Next, the defendants argue that the terms stated on the record did not specify the time of performance, which they contend is an essential term to the parties' final contract. The defendants represent that there was no meeting of the minds, so an immediate lump sum payment should not be required. The defendants have indicated that the plaintiffs should have specified that performance was to be immediate to create an enforceable agreement. Thus, the court's finding supplied a term for the parties and was a usurpation of authority, and is a void judgment.

However, in this matter the terms of the settlement were stated in open court, and the defendants indicated a willingness to settle the claim for a lump sum of $65,000.00 at the moment they agreed to the terms, whether they intended to do so is immaterial. *See Zimmerman v. McColley,* 826 N.E.2d 71, 78 (Ind. Ct. App. 2005). The plaintiffs were given no indication the agreement was conditioned on the payments being made in installments. A court does not examine the intentions hidden in the heart of a person; rather it should examine the final expression found in conduct. *Centennial Mortgage, Inc. v. Blumenfeld,* 745 N.E.2d 268, 277

(Ind. Ct. App. 2001). The intention of the parties to a contract is a factual matter to be determined from all the circumstances. *Ochoa v. Ford,* 641 N.E.2d 1042, 1044 (Ind. Ct. App. 1994). "If one party transmits a clear and unambiguous settlement offer which is accepted by the other party... the parties have reached a binding settlement agreement." *Rosco v. Equifax Information Services, Inc.*, 2015 WL 5613203, at *4 (N.D. Ind. 2015). Therefore, based on the statements made in open court an agreement was made on all essential terms. The defendants have not pointed to any errors of law or fact committed by the court.

The defendants have requested amending the related Order of October 25, 2016 [DE 47]. The defendants chose not to respond to the plaintiffs' Motion for Attorneys' Fees [DE 45], therefore, they have failed to provide grounds to compel the court to overturn its decision.

Based on the foregoing reasons, the Motion to Reconsider, Seeking Relief from Judgment or Order Under Fed.R.Civ.P. 60 [DE 48] is **DENIED.**

ENTERED this 16th day of December, 2016.

/s/ Andrew P. Rodovich  
United States Magistrate Judge